IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BELL HELICOPTER TEXTRON INC., a Delaware corporation, P.O. Box 482 Fort Worth, TX 76101, and BELL HELICOPTER TEXTRON CANADA LTD., a Canadian corporation, 12800 reu de l'Auenir, Mirabel. QC, J7J 1R4<br><br>    Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, a foreign nation, IRAN AIRCRAFT MANUFACTURING COMPANY, an Iranian corporation, Km 5 Karaj Special Road (Jadeh Makhsouse Karaj), Tehran, Iran IRAN HELICOPTER SUPPORT & RENEWAL CO., an Iranian corporation, Daryaye Nour Street, Corner of Kouche Haftom, Next to Ghodousi Judicial Complex, Tehran, Iran<br><br>    Defendants. | *<br><br>*<br><br>CIVIL ACTION NO. 1:06-CV-01694-<br> Judge: Ricardo M. Urbina<br><br>*<br><br>*<br><br>*<br><br>* |

## PLAINTIFFS' STATUS UPDATE ON SERVICE OF PROCESS

To the Honorable Judge of Said Court:

   Come Now Plaintiffs, Bell Helicopter Textron, Inc. and Bell Helicopter Textron Canada Limited (hereinafter, collectively, "Bell"), and file this Status Update on Service of Process upon the Defendants.

_____

**I.**

On September 29, 2006, Bell filed suit against the Islamic Republic of Iran ("Iran"), the Iranian Aircraft Manufacturing Company ("HESA") the Iran Helicopter Support and Renewal Company ("PANHA") for trademark and trade dress dissolution, design patent infringement and dilution of a famous mark. The Islamic Republic of Iran is a foreign sovereign that must be served under the terms of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.§1608, et seq. The FSIA sets out the manner and method a foreign nation and its agencies and instrumentalities may be served with process in U.S. courts in hierarchical order. For any foreign nation the complaint and summons must be translated into the foreign county's official language before service can be attempted. On information and belief HESA and PANHA are agencies or instrumentalities of the Islamic Republic of Iran as they are corporations wholly owned and operated by the government of Iran.

Under most circumstances foreign nations may be served in accordance with the terms of the FSIA through an international treaty or convention to which the foreign nation and the United States are both signatories, such as the Hague Convention. The Islamic Republic of Iran, since the country's revolution in 1979, has not been a signatory to any international treaties or conventions to which the United States is a party. Further the United States does not maintain an embassy or even formal diplomatic relations with Iran. These two facts foreclose 28 U.S.C. §1608(a)(1) and §1608(a)(2) as methods of service.

In accordance with the terms of FSIA (28 U.S.C.§ 1608(a)(1)-(4))requiring the exhaustion of other means of service prior to service through diplomatic channels via the U.S. Secretary of State, Bell is presently attempting to serve Iran, HESA and PANHA via registered mail. Bell has retained a translation service to translate the documents into Farsi, a process that took the better part of a month to complete. The Clerk of Court dispatched Summons and copies of the Complaint (in English and Farsi) on January 26, 2007 pursuant to 28 U.S.C. §1608(a)(3). At the present time, Bell has not received a response via this method of service, save for PANHA.[1]  Therefore, Bell will attempt service via the U.S. Secretary of State pursuant to 28 U.S.C. §1608(a)(4) and 28 U.S.C. §1608(b)(3)(A). As this process is lengthy and will likely involve the petition being routed through international channels, no response is expected at least within the next 90 days.

Because the Defendants are foreign states, the 120 day deadline to facilitate service does not apply in this case.  Fed. R. Civ. P. 4(m).  Notwithstanding this exception to Rule 4 deadlines for service, Plaintiffs wish to report the status of their efforts to accomplish service with due diligence.

---

[1] Following its attempt to serve PANHA via international registered mail, Bell received a letter from another Iranian entity, Iranian Helicopter Company, which claimed that Bell had served the wrong entity and claimed no affiliation with PANHA.  Bell is attempting to verify this information.

---

        Respectfully submitted,

/s/ D. Lee Rutland
D. Lee Rutland, Bar No. 385761
Robert S. Morter, Bar No.  474337
WHARTON LEVIN EHRMANTRAUT & KLEIN, P.A.
104 West Street, P.O. Box 551
Annapolis, MD 21404-0551
410.263.5900
410.280.2230 Facsimile

/s/ John G. Sams
John G. Sams
Texas State Bar No. 17566100
David W. Chant
Texas State Bar No. 10107700
BROWN, DEAN, WISEMAN, PROCTOR,
HART & HOWELL, L.L.P.
306 West 7th Street
Fort Worth Club Bldg., Suite 200
Fort Worth, Texas 76102
817.332.1391
817.870.2427 Facsimile

## CERTIFICATE OF SERVICE

I certify at the present time there is no counsel or individual upon which the foregoing document may be served.

        /s/ D. Lee Rutland
        D. Lee Rutland