IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BELL HELICOPTER TEXTRON INC.,
a Delaware corporation, P.O. Box 482
Fort Worth, TX 76101, and
BELL HELICOPTER TEXTRON
CANADA LTD., a Canadian corporation,
12800 reu de l'Auenir, Mirabel. QC,
J7J 1R4

                                          CIVIL ACTION NO. 1:06-CV-01694
                                               Judge:  Ricardo M. Urbina

      Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,
a foreign nation, IRAN AIRCRAFT
MANUFACTURING COMPANY,
an Iranian corporation,
Km 5 Karaj Special Road
(Jadeh Makhsouse Karaj), Tehran, Iran
IRAN HELICOPTER SUPPORT
& RENEWAL CO., an Iranian
corporation, Daryaye Nour Street,
Corner of Kouche Haftom, Next to
Ghodousi Judicial Complex,
Tehran, Iran

      Defendants.

**PLAINTIFFS' RESPONSE TO MAY 28, 2008 MINUTE ORDER
AND REQUEST FOR DEFAULT PROVE-UP HEARING**

      In Response to the Court's Minute Order of May 28, 2008, Bell would respectfully show as follows:

      This is a very unique case, involving claims against a foreign sovereign that is exceptionally secretive and has no diplomatic relations with the United States. Bell believes it has three major procedural and factual hurdles to clear in

order to obtain an enforceable default judgment in this matter. The first has been to perfect service on the Islamic Republic of Iran. Because the US has no treaties or diplomatic relations with Iran, that process was complex and took more than a year to complete, eventually requiring assistance from the Department of State and the Swiss Embassy in Tehran. That process is now complete and the Islamic Republic of Iran has been properly served with the Complaint in this action in accordance with the Foreign Sovereign Immunities Act.

The second hurdle has been preparing Bell's case in chief for trial. Because Iran is a foreign sovereign entity, its failure to answer the Complaint does not admit the allegations without necessity of further proof, as would be the case in an ordinary default. The Foreign Sovereign Immunities Act requires Bell to establish its "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

This case involves trade dress and design patent infringement with respect to certain Bell commercial and military helicopters – most notably the Jet Ranger. Bell learned of these helicopter copies being produced in Iran through foreign press reports and photos. Due to the secretive nature of the Iranian state, and the inability to obtain formal discovery from Iran, the sources of evidence Bell would normally rely upon to prove such a case simply are not available. Bell believes it has now acquired sufficient evidence to present its case in chief, but that continuing process has presented a considerable investigative challenge.

The final hurdle to a valid default against all defendants is determining the status of the entities identified in the Complaint as the "Iran Aircraft Manufacturing Company" (known as "HESA") and "Iran Helicopter Support and Renewal Co." ("Panha"). The names of these entities suggest that they are "agencies or instrumentalities" of the state of Iran – i.e., companies owned by the government.  If they are "instrumentalities" of Iran, the means of service employed by Bell with respect to the Iranian government itself would not be effective. The Foreign Sovereign Immunities Act provides for this substitute means of service only as to foreign governments, and not as to agencies or instrumentalities.  Obtaining service in the United States on a true "agency or instrumentality" of Iran would be a practical impossibility at this time. It could only be accomplished with judicial assistance from an Iranian court, which is exceedingly unlikely given the current state of relations between the United States and Iran.

Further investigation by Bell now indicates, however, that HESA and Panha are political subdivisions of the Iranian state, in which case they were served when the government was served. Bell has retained an expert with personal knowledge of the workings of the Iranian state, and is prepared to present testimony that HESA and Panha are political subdivisions and have been served with process in accordance with the Foreign Sovereign Immunities Act.

Bell respectfully submits that it has pursued this matter with reasonable diligence, and has delayed requesting the entry of default in this matter to

gather the evidence necessary to support all aspects of a default judgment under the Foreign Sovereign Immunities Act in this very challenging case. Bell has had an unusual number of obstacles to overcome in reaching this stage, and is now prepared to proceed.  If the Court will permit, Bell requests that a default in this matter be set for hearing. If possible, Bell requests at least 30 days notice of the prove-up date so that necessary liability and damage experts can be present. Bell estimates that a bench trial of the default will take no more than a half day.

    Respectfully submitted,
    WHARTON LEVIN EHRMANTRAUT & KLEIN, P.A.


    /s/ D. Lee Rutland
    _____
    D. Lee Rutland, Bar No. 385761
    Robert S. Morter, Bar No. 474337
    104 West Street, P.O. Box 551
    Annapolis, MD   21404-0551
    (410) 263-5900 Phone
    (410) 280-2230 Facsimile

    John G. Sams
    Texas State Bar No. 17566100
    David W. Chant
    Texas State Bar No. 10107700
    BROWN, DEAN, WISEMAN, PROCTOR,
    HART & HOWELL, L.L.P.
    306 West 7th Street
    Fort Worth Club Bldg., Suite 200
    Fort Worth, Texas 76102
    (817) 332-1391 Phone
    (817) 870-2427 Facsimile

**CERTIFICATE OF SERVICE**

    I certify at the present time, July 9th, 2008, there is no counsel or individual upon which the foregoing document may be served.

    /s/ D. Lee Rutland
_____
D. Lee Rutland, Bar No. 385761